**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| D.Y.A-O., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-1374-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

**ORDER**

Pending before the Court is Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner is a pregnant twenty-seven-year-old from Venezuela, who has applied for asylum, received a work permit, and has been "allowed to live in the" United States since December 2023. Pet. 8, ECF No. 1. She alleges that, when she went to her previously scheduled check-in with immigration officials on October 13, 2026, she was detained, even though she was five months pregnant. *Id.* An immigration judge denied bond on October 27, 2026, finding that Petitioner had not met her burden to show that she was not a flight risk. *Id.* Petitioner contends that her pregnancy is a high-risk pregnancy. *Id.* at 9. She argues that immigration officials violated her due process rights by placing the burden on her during her bond hearing and by re-detaining her without showing changed circumstances after three years of prior release, and that immigration

officials failed to follow their own regulations regarding the detention of pregnant individuals. *Id.* at 6.

Under the circumstances of this case, the Court orders that an evidentiary hearing be held. In order to facilitate the evidentiary hearing, and in compliance with Rule 8(c) of the Rules Governing Habeas Corpus Cases Under Section 2254, which this Court is applying to Petitioner's § 2241 Habeas case under Rule 1 of those Rules, the Court appoints Peter D. Leary, Elizabeth A. Hicks, and Alyssa P. Cavanaugh of the firm Troutman Pepper Locke to represent Petitioner *pro bono* in this case.

The parties are ordered to confer and present to the Court within fourteen (14) days a scheduling order addressing the following:

1) whether discovery is necessary and, if so, the scope and timeframe of such discovery;

2) a briefing schedule, to include any anticipated amended filings;

3) proposed dates for the evidentiary hearing; and

4) any other matters the parties deem pertinent.

Any disagreement by the parties should be outlined in the submitted order so the Court can resolve them.

**SO ORDERED**, this 10th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE